**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Beaulieu Group LLC, ) | No. CV-10-1590-PHX-LOA |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| Thomas G. Inman, a single man, ) |  |
| Defendant. ) |  |

This matter arises on the Motion of Plaintiff Beaulieu Group LLC's ("Plaintiff" or "Beaulieu") for Summary Judgment pursuant to Fed.R.Civ.P. ("Rule") 56. (Doc. 37) Defendant Thomas G. Inman ("Defendant") did not file a response to the motion. (Doc. 61) All parties have consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (Docs. 7, 14-15)  After considering the briefing and relevant law, the Court concludes that Beaulieu is entitled to summary judgment as a matter of law.

**I. Jurisdiction**

The Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the adverse parties are diverse of citizenship. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(a). "[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

**II. Factual and Procedural Background**

Defendant was, at certain times, the sole managing member of Southwestern Floors LLC, whose principle offices were in Tempe, Arizona. (Doc. 1 at 2; doc. 11 at 2) The parties agree that a "substantial portion of events giving rise to the claim occurred in this District." (Doc. 1 at 2; doc. 11 at 2) Plaintiff alleges that on May 6, 2008, it entered into an agreement with Southwestern Floors to establish a trade account, and Defendant did not perform under the agreement. (Doc. 1 at 2 and Exh. A) Plaintiff's complaint alleges two claims: (1) breach of contract, and (2) unjust enrichment. (Doc. 1 at 3)

On July 25, 2011, Plaintiff delivered certain discovery,[1] including Requests for Admission, to Defendant. (Docs. 38 at 2; 37-1, Attachment 1 at 1) Plaintiff's Requests for Admission included the following:

> [1.] Admit that SOUTHWESTERN FLOORS entered into the AGREEMENT with BEAULIEU to establish a COMMERCIAL ACCOUNT.
> . . . .
>
> [2.] Admit that BEAULIEU satisfactorily performed under the AGREEMENT.
> . . . .
>
> [3.] Admit that during the period July 2009 to at least November 2009, SOUTHWESTERN FLOORS ordered and BEAULIEU sold and shipped $87,553.61 in BEAULIEU products to SOUTHWESTERN FLOORS.
> . . . .
>
> [4.] Admit that BEAULIEU is owed $87,553.61 under the AGREEMENT for goods sold to and received by SOUTHWESTERN FLOORS.
> . . . .
>
> [5.] Admit that DEFENDANT guaranteed SOUTHWESTERN FLOORS' performance of the AGREEMENT.
> . . . .
>
> [6.] Admit that DEFENDANT personally executed the AGREEMENT or authorized the execution of the AGREEMENT on his behalf.

(Doc. 37-2, Exhibit ("Exh.") A at 15-17)  Defendant has not responded to any of Plaintiff's Requests for Admission, Interrogatories, or Requests for Production of Documents. "[A] party's

---

[1] Plaintiff's counsel hired a private investigator to locate and re-serve Defendant with its discovery requests. (Doc. 37-1 at 1-2) Ms. Beyers' affidavit is attached to Plaintiff's Motion for Summary Judgment. (*Id.*)

1  'failure to respond [to a request for admission], either to an entire request or to a particular
2  request, is deemed to be a [judicial] admission of the matter set forth in that request or
3  requests.'" *Am. Tech. Corp. v. Man*, 174 F.R.D. 687, 689 (D.Nev. 1997) (citation omitted).
4  "Since unanswered requests for admission are automatically deemed judicially admitted under
5  Rule 36(a), no court intervention is required." *Id*. Subsequently, Plaintiff filed a Motion for
6  Summary Judgment on August 31, 2011. (Doc. 37)

7  On September 8, 2011, the Court ordered Defendant to respond to Plaintiff's Motion
8  for Summary Judgment by October 3, 2011, doc. 39, which Defendant failed to do.  The Court
9  stated in its order that it may treat Defendant's "failure to respond to Plaintiff's Motion for
10 Summary Judgment as a consent to the granting of that Motion without further notice, and
11 judgment may be entered against [Defendant][.]" (Doc. 39 at 3)

12 Plaintiff now asks the Court to grant summary judgment on Count I, breach of
13 contract, and dismiss Count II, unjust enrichment, because "a specific contract governs
14 the relationship of the parties, [and] the doctrine of unjust enrichment has no application."
15 (Doc. 37 at 1, 3-4) (citation and internal quotation marks omitted).  Defendant also seeks an
16 award of its costs and attorney fees pursuant to A.R.S. § 12-341 and A.R.S. § 12-341.01.

17 **III.  Summary Judgment Legal Standard**

18 Summary judgment is appropriate when the pleadings and supporting documents,
19 viewed in the light most favorable to the nonmoving party, show that there is no genuine issue
20 as to any material fact and that the moving party is entitled to judgment as a matter of law.
21 *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nevada Fed. Credit Union*,
22 24 F.3d 1127, 1130 (9th Cir. 1994); Fed.R.Civ.P. 56(a) ("[T]he court shall grant summary
23 judgment if the movant shows that there is no genuine dispute as to any material fact and the
24 movant is entitled to judgment as a matter of law."). Substantive law determines which facts are
25 material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Jesinger*, 24 F.3d. at 1130.
26 In addition, "[o]nly disputes over facts that might affect the outcome of the suit under the
27 governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at
28

248. The dispute must be genuine, that is, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The party opposing summary judgment may not rest upon the mere allegations or denials of the party's pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Brinson v. Lind Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995); Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it[.]"). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). However, "[i]t is undisputed that failure to answer or object to a proper request for admission is itself an admission." *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981); *accord,* Fed.R.Civ.P. 36(a)(3).

**IV. Analysis**

**A. Count I: Breach of Contract**

"[F]or an enforceable contract to exist there must be an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained." *Savoca Masonry Co., Inc. v. Homes & Son Const. Co., Inc.*, 542 P.2d 817, 819 (Ariz. 1975). Because Defendant has not responded to Plaintiff's Requests for Admission and they are deemed admitted, the Court finds that Defendant, through Southwestern Floors, executed an agreement with Plaintiff, which Defendant personally guaranteed; that Defendant ordered $87,553.61 worth of products from Plaintiff; that Plaintiff satisfactorily performed under the agreement by shipping $87,553.61 worth of products to Defendant; that Defendant guaranteed Southwestern Floors' performance of the agreement; and that Southwestern Floors owes Plaintiff $87,553.61. (Doc. 37-2, Exh. A at 15-17)

Viewed in the light most favorable to Defendant, the Court finds that no genuine issue

of material fact exists regarding whether the parties entered into a contract and whether Defendant breached that contract. Accordingly, the Court grants Plaintiff's Motion for Summary Judgment regarding Count I.

### B. Count II: Unjust Enrichment

"In Arizona, five elements must be proved to make a case of unjust enrichment: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment; and (5) an absence of a remedy provided by law." *Cmty. Guardian Bank v. Hamlin*, 182 Ariz. 627, 630 898 P.2d 1005, 1008 (Ariz.Ct.App. 1995). "Where 'there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application.'" *McNutt v. Key Fin. Corp.*, 2010 WL 3702509, * 2 (D.Ariz. Sept. 9, 2010) (quoting *Brooks v. Valley Nat'l Bank*, 113 Ariz. 169, 174, 548 P.2d 1166, 1171 (Ariz. 1976)). A plaintiff is permitted, as Plaintiff did here, to plead an unjust enrichment claim in the alternative to a breach of contract claim. *Id*. (*Johnson v. KB Home*, 2010 WL 1268144, * 10 (D.Ariz. March 30, 2010)). Because a remedy provided by law exists for Plaintiff's breach of contract claim, Plaintiff's unjust enrichment claim, as Plaintiff recognizes, does not meet the fifth element—an absence of a remedy provided by law. *McNutt*, 2010 WL 3702509 at 2. Accordingly, the Court will dismiss Plaintiff's unjust enrichment claim.

### C. Non-taxable Expenses and Attorney Fees

Plaintiff requests that the Court award Plaintiff its taxable costs, non-taxable expenses and attorney fees pursuant to A.R.S. §§ 12-341 and 12-341.01. Section 12-341 provides that "[t]he successful party to a civil action shall recover from [its] adversary all costs expended or incurred therein unless otherwise provided by law." A.R.S. § 12-341. Further, Defendant contractually agreed "to pay reasonable collection costs" associated with the account. (Doc. 1-1, Exh. A at 2) As the successful party in this civil action, Plaintiff is entitled to recover its non-taxable expenses in addition to its taxable costs subject to compliance with LRCiv 54.2.

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. §

12-341.01(A). The trial court generally has discretion in awarding attorney fees, and will generally consider the following six factors:

> 1) the merits of the unsuccessful party's claim;
>
> 2) whether the successful party's efforts were completely superfluous in achieving the ultimate result;
>
> 3) whether assessing fees against the unsuccessful party would cause extreme hardship;
>
> 4) whether the successful party prevailed with respect to all relief sought;
>
> 5) whether the legal question presented was novel or had been previously adjudicated; and
>
> 6) whether a fee award would discourage other parties with tenable claims from litigating.

*American Const. Corp. v. Philadelphia Indem. Ins. Co.*, 667 F.Supp.2d 1100, 1106-07 (D.Ariz. 2009) (citing *Assoc. Indemn. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985)). The Court is required to weigh all the factors, and no single factor is determinative. *American Const. Corp.*, 667 F.Supp.2d at 1107 (citing *Wilcox v. Waldman*, 154 Ariz. 532, 538, 744 P.2d 444, 450 (Az.Ct.App.1987)). However, when the parties contractually agree to pay attorney fees, § 12-341.01 does not alter the parties' agreement. A.R.S. § 12-341.01(A) ("[T]his section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney fees.").

Here, the parties' contract provides that Defendant agrees "[t]o pay reasonable collection costs and/or attorney's fees incurred in connection with the collection of this account. . . ." (Doc. 1-1, Exh. A at 2) Therefore, the Court need not address the six factors regarding a discretionary award of attorney's fees under A.R.S. § 12-341.01. Plaintiff is entitled to an award of its reasonable attorney fees upon compliance with LRCiv 54.2(a), which states in part that "[i]f a final judgment . . . does not determine the propriety and the amount of attorneys' fees authorized by statute or by contract, . . . the procedures set forth in this Local Rule shall apply . . . ." LRCiv 54.2(a). As mentioned below, Plaintiff shall timely comply with this order and LRCiv 54.2(b)(1) if it seeks an award of reasonable attorney's fees incurred in and related to this lawsuit.

**V. Interest**

  **A. Prejudgment Interest**

  Plaintiff's claim against Defendant is a liquidated claim.[2] Under Arizona law, "'prejudgment interest on a liquidated claim is a matter of right.'" *AMHS Ins. Co. v. Mut. Ins. Co. of Ariz.*, 258 F.3d 1090, 1103 (9th Cir. 2001) (quoting *Gemstar Ltd. v. Ernst & Young*, 917 P.2d 222, 237 (Ariz. 1996) (*en banc*)). "Under Arizona law, prejudgment interest begins when the creditor provides to the debtor 'sufficient information and supporting data so as to enable the debtor to ascertain the amount owed.'" *AMHS Ins. Co.*, 258 F.3d at 1103 (quoting *Homes & Son Const. Co., Inc. v. Bolo Corp.*, 22 Ariz.App. 303, 306, 526 P.2d 1258, 1261 (Az.Ct.App. 1974)).

  Here, Plaintiff has not provided the Court with anything to show that Defendant had sufficient information and supporting data to ascertain the amount owed until the summons and complaint were served on Defendant on July 29, 2010. (Doc. 8) Thus, Plaintiff is entitled to prejudgment interest beginning July 30, 2010.

  "Interest on any loan, indebtedness or other obligation shall be at the rate of ten per cent per annum, unless a different rate is contracted for in writing, in which event any rate of interest may be agreed to . . . ." A.R.S. § 44-1201(a). As discussed above, the parties contractually agreed in writing to a different interest rate. (Doc. 1-1, Exh. A at 2) Thus, Plaintiff is entitled to prejudgment interest at an annual rate of 18%, calculated using simple interest[3] from and including July 30, 2010, until and including October 20, 2011 (448 days), equaling

---

[2] "[A] claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion." *Homes & Son Constr. Co. v. Bolo Corp.*, 526 P.2d 1258, 1261 (Az.Ct.App. 1974) (quotation omitted). Further, "damages are considered certain or capable of being made certain when the parties do not seriously dispute the basis of computation of damages if any are recoverable but instead primarily dispute liability." *Precision Heavy Haul, Inc. v. Trail King Indus.*, 228 P.3d 895, 898-99 (Ariz.Ct.App. 2010) (quotations omitted).

[3] Arizona courts have "been hesitant to compound its statutory prejudgment interest rate." *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 2009 WL 920300, *2 (D.Ariz. Mar. 31, 2009). Because Plaintiff has not asked the Court to do so, it will not compound the contractual interest rate *sua sponte*.

- 7 -

1  $19,344.64 in prejudgment interest ($87,553.61 x 18% per year = $15,759.65 ÷ 365 days per
2  year = $43.18 interest per day x 448 days = $19,344.64).

### B. Post-Judgment Interest

In federal diversity actions, post-judgment interest is governed by federal law. 28 U.S.C. § 1961; *Citicorp Real Estate v. Smith*, 155 F.3d 1097, 1107 (9th Cir. 1998). An exception to § 1961 exists when the parties contractually agree to waive § 1961's application. *Fidelity Federal Bank, FSB v. Burga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004) (citing *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107-08 (9th Cir. 1998) (promissory notes at issue included an express, mutually-agreed upon interest rate in the case of default)). "[M]ost courts that have addressed the question have held that parties may contract around § 1961 and agree to a different postjudgment interest rate." *Jack Henry & Associates, Inc. v. BSC, Inc.*, 753 F.Supp.2d 665, 667-68 (E.D.Ky. Nov. 10, 2010) (citing *FCS Advisors, Inc. v. Fair Finance Co.*, 605 F.3d 144, 147-48 (2d Cir. 2010); *In re Riebesell*, 586 F.3d 782, 794 (10th Cir. 2009); *Cent. States, SE & SW Areas Pension Fund v. Bomar Nat'l, Inc.*, 253 F.3d 1011, 1020 (7th Cir. 2001); *In re Lift & Equip. Serv., Inc.*, 816 F.2d 1013, 1018 (5th Cir. 1987)).

The contract here indicates that the buyer, Defendant Inman, agreed "to pay finance charges on the past due amounts at the rate of 1½ per month (18% annual rate) . . . ." (Doc. 1-1, Exh. A at 2) In *Citicorp Real Estate, Inc.*, the parties mutually agreed on "the rate that would apply in the event" of a default. 155 F.3d at 1108. The Ninth Circuit held that the language indicated "[a] mutual intent by the parties to have pre- and post-judgment interest calculated at the contract interest rate." *Citicorp Real Estate*, 155 F.3d at 1108 (footnote omitted). Similarly, the parties here contractually agreed to an 18% annual interest rate and, thus, implicitly waived § 1961's application. Plaintiff is entitled to post-judgment interest on $106,898.25[4] at 18% per

---

[4] This amount includes $87,553.61 in principle debt plus $19,344.64 in prejudgment interest. District Courts have generally calculated post-judgment interest on the combined principle and prejudgment interest, and compounded yearly. *See Oswalt v. Resolute Indus. Inc.*, 2011 WL 3516163 (W.D.Wash. Aug. 11, 2011) (applying post-judgment interest to the combined principle and prejudgment award); *Lehman Bros. Holdings, Inc. v. Valley Vista Mortg., Inc.*, 2011 WL 2693509 (S.D.Cal. July 11, 2011) (same); *Burdick v. Villalba*, 2010 WL

- 8 -

year, from the date of the entry of judgment until it is paid in full.[5]

**VI. Conclusion**

For the reasons set forth above, the Court finds that Defendant has not raised a genuine issue of material fact on Plaintiff's breach of contract claim. Plaintiff is entitled to summary judgment as a matter of law.

Accordingly,

**IT IS ORDERED** as follows:

1. Plaintiff's Motion for Summary Judgment pursuant, doc. 37, is **GRANTED**;

2. Plaintiff's request for an award of its reasonable attorney fees and non-taxable expenses is **GRANTED**. Plaintiff shall submit its application for award of attorney's fees and non-taxable expenses within **fourteen (14) days** of the entry of the judgment in the action and comply with LRCiv 54.2(b)(1) and (c) if it seeks an award of reasonable attorney's fees incurred in and related to this lawsuit. Plaintiff need not comply with LRCiv 54.2(b)(2). Absent a showing of good cause, Plaintiff's failure to timely file its application for award of attorney's fees may result in a denial of an award of attorney's fees against Defendant. Plaintiff shall also timely comply with LRCiv 54.1 regarding recovery of its taxable costs.

3. the Clerk of Court is kindly directed to enter judgment in favor of Plaintiff Beaulieu Group LLC and against Defendant Thomas G. Inman in the amount of $106,898.25 plus post-

---

4509832 (W.D.Wash. Nov. 2, 2010) (same); *In re W. United Nurseries, Inc.*, 2008 WL 732566 (D.Ariz. Mar. 17, 2008) (same); *see also Woodard v. Delportas*, 2008 WL 5082186 (D.Ariz. Nov. 26, 2008) (compounding post-judgment award annually); *Peterson v. Fed. Exp. Corp. Long Term Disability Plan*, 525 F.Supp.2d 1125 (D.Ariz. 2007) (same); *OAIC Commercial Assets, LLC v. Stonegate Village, L.P.*, 2006 WL 2788644 (D.Ariz. Sept. 20, 2006) (same).

[5] Per 28 U.S.C. § 1961(a), post-judgment interest is calculated "from the date of the entry of the judgment." 28 U.S.C. § 1961(a).

judgment interest at the contractual rate of 18% per year from the date judgment is entered until it is paid in full.

Dated this 19th day of October, 2011.

Lawrence O. Anderson
United States Magistrate Judge