**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beaulieu Group LLC,              ) | No. CV-10-1590-PHX-LOA |
| Plaintiff,          ) | **ORDER** |
| vs.                              ) | |
| Thomas G. Inman, a single man,   ) | |
| Defendant.          ) | |

      This matter arises on Plaintiff's Application for Attorneys' Fees and Non-Taxable Expenses. (Doc. 43) On October 19, 2011, the Court granted summary judgment in favor of Plaintiff and found Plaintiff is entitled to its non-taxable expenses and reasonable attorneys' fees. (Doc. 41) The Court ordered Plaintiff to submit its fees' application within fourteen (14) days of the entry of summary judgment if it sought an award of attorneys' fees and non-taxable expenses. (*Id*. at 9) Plaintiff's application was timely filed.

**I. Background**

      On May 6, 2008, Plaintiff Beaulieu Group LLC entered into a written contract with Southwestern Floors establishing a trade account with Plaintiff. (Docs. 1, ¶ 8 at 2; 41 at 2-4) Plaintiff's complaint alleged Southwestern Floors did not perform according to their agreement, Defendant Thomas G. Inman personally guaranteed payment on the account as the sole and managing member of Southwestern Floors, and is liable for the debt owed. (Doc. 1) Plaintiff's complaint alleged two causes of action: (1) breach of contract, and (2) unjust enrichment. (*Id*.) All parties consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. §

1  636(c)(1). (Docs. 7, 14-15)

2  After Defendant failed to respond to Plaintiff's discovery requests, Plaintiff filed its
3  motion for summary judgment. (Doc. 37) The Court granted Plaintiff's summary judgment
4  motion, finding that Defendant, on behalf of Southwestern Floors, personally guaranteed
5  payment to Plaintiff; Defendant ordered $87,553.61 worth of product from Plaintiff; Plaintiff
6  satisfactorily performed under the agreement by shipping $87,553.61 worth of product to
7  Defendant; and Southwestern Floors and Defendant owed $87,553.61 to Plaintiff. (Doc. 41 at
8  4)

9  The parties' agreement provides that Defendant will "[p]ay reasonable collection
10 costs and/or attorney's fees incurred in connection with the collection of this account." (Doc.
11 1-1, Exh. A at 2)  Further, it confirms that Defendant agrees "to pay reasonable collection costs"
12 associated with the account, and will "pay finance charges on the past due amounts at the rate
13 of 1½ per month (18% annual rate)." (*Id*.) Consequently, the Court granted Plaintiff's request
14 for attorneys' fees and non-taxable expenses subject to compliance with LRCiv 54.2. (*Id*. at 6)
15 Plaintiff now moves for an award of its attorneys' fees and non-taxable expenses in compliance
16 with LRCiv 54.2. (Doc. 43)

17 **II. Analysis**

18 This contract action is before the court on diversity jurisdiction pursuant to 28 U.S.C.
19 1332. (Doc. 41) "An award of attorney' fees incurred in a suit based on state substantive law
20 is generally governed by state law." *Lotto Industries, Inc. v. Disabled American Veterans*
21 *Phoenix*, 112 Fed.Appx. 575, 576 (9th Cir. 2004) (citation omitted); *In re Larry's Apartment,*
22 *L.L.C.*, 249 F.3d 832, 838 (9th Cir. 2001) ("[a]ttorneys' fees may be awarded by a district court
23 when they are part of the state's substantive, rather than procedural, requirements[, applying
24 Arizona law] . . . However, when fees are based upon misconduct by an attorney or party in the
25 litigation itself, rather than upon a matter of substantive law, the matter is procedural.");
26 *Gametech Int'l, Inc. v. Trend Gaming Sys., L.L.C.*, 380 F. Supp. 2d 1084, 1089 (D.Ariz. 2005).
27 Arizona law governs whether Plaintiff is entitled to its attorneys' fees.

28

### A. Non-Taxable Expenses

Arizona Revised Statute § 12-341 specifies that "[t]he successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law." A.R.S. § 12-341 (2003). Under Arizona law, the award of costs to the successful party is mandatory. *Multari v. Gress*, 214 Ariz. 557, 560, 155 P.3d 1081, 1084 (Az.Ct.App. 2007). Federal law, however, governs Plaintiff's award of taxable costs. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995); Fed.R.Civ.P. 54(d)(1), LRCiv 54.1(a). Plaintiff attached to its application the non-taxable expenses it incurred in pursuing this commercial contract action, which amounts to $4,487.96. (Doc. 43 Exh. A at 8) Accordingly, the Court awards Plaintiff $4,487.96 for its non-taxable expenses.

### B. Reasonable Attorneys' Fees

Arizona law authorizes the trial court to award reasonable attorneys' fees to the prevailing party in contested actions arising out of contract. A.R.S. § 12-341-01. In this case, however, the Court has previously found the parties' contract provided that the parties "expressly agree[d] to pay reasonable collection costs and/or attorney's fees incurred in connection with the collection of this account. . . ." (Docs. 41 at 6; 1-1, Exh. A at 2)  A.R.S. § 12-341.01 does not alter the parties' agreement. A.R.S. § 12-341.01(A) ("[T]his section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney fees."). Arizona law holds that "[a] contractual provision for attorneys' fees will be enforced according to its terms." *Chase Bank of Ariz. v. Acosta*, 179 Ariz. 563, 575, 880 P.2d 1109, 1121 (Az.Ct.App. 1994). Because Arizona requires both pleading and proof of a fees' request based upon a contractual provision, *Robert E. Mann Constr. Co. v. Liebert Corp.*, 204 Ariz. 129, 133, 60 P.3d 708, 712 (Az.Ct.App. 2003), the complaint complied with Arizona law when it requested Plaintiff's "[c]osts, interest and attorneys' fees, arising out a contract dated May 6, 2008." (Doc. 1 at 1)  Unlike fees awarded under A.R.S. § 12–341.01(A), the trial court lacks discretion to refuse to award fees under a contractual provision to award fees where the "parties have provided in the contract the conditions under which attorney's fees may be recovered." *Jordan v. Burgbacher*, 180 Ariz.

1  221, 228, 883 P.2d 458, 465 (AzCt.App. 1994) (quoting *Sweis v. Chatwin*, 120 Ariz. 249, 252,
2  585 P.2d 269, 272 (Az.Ct.App. 1978)).

3  "Fees for the services of legal assistants and law clerks are recoverable as attorneys'
4  fees because legal assistants and law clerks have legal training and knowledge that can
5  contribute to the attorney's preparation of a legal matter." *Southern California Edison Co. v.*
6  *Arizona Corp. Com'n*, 2011 WL 846568, * 12 (Az.Ct.App. March 10, 2011) (citing *Ahwatukee*
7  *Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 193 Ariz. 401, 403, 973 P.2d 106, 108 (Ariz. 1999)).
8  "*Bach* recognizes that some tasks are more properly performed by law clerks or legal assistants
9  than an attorney and that such tasks are compensable." *Id*.

10  The trial court has broad discretion in fixing the amount of attorney's fees. *Associated*
11  *Indemnity Corporation v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (Ariz. 1985). This
12  discretion is limited only to the extent that "such award may not exceed the amount paid or
13  agreed to be paid." A.R.S. § 12–341.01(B); *Lacer v. Navajo County*, 141 Ariz. 392, 396, 687
14  P.2d 400, 404 (Az.Ct. App.1984). The Arizona Court of Appeals has determined that:

> The beginning point . . . is the determination of the actual billing rate which the lawyer charged in the particular matter. . . . Unlike public rights litigation, and contingent-fee litigation, . . . in corporate and commercial litigation between fee-paying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case.

19  *Schweiger v. China Doll Rest.*, 138 Ariz. 183, 187-88, 673 P.2d 927, 931-32 (Az.Ct.App.
20  1983). Moreover, a prevailing commercial litigant "is 'entitled to recover a reasonable
21  attorney's fee for every item of service which, at the time rendered, would have been undertaken
22  by a reasonable and prudent lawyer to advance or protect his client's interest . . . .'" *Id*. at 188,
23  673 P.2d at 932 (quoting *Twin City Sportservice v. Charles O. Finley &* Co., 676 F.2d 1291,
24  1313 (9th Cir. 1982); *S & R Properties v. Maricopa County*, 178 Ariz. 491, 505, 875 P.2d 150,
25  164 (AzCt.App. 1993) (under *Schweiger*, the "prevailing parties are entitled to recover
26  reasonable attorneys' fees for every service that would have been undertaken by a reasonable
27  and prudent lawyer[.]")

28  Plaintiff attached an itemized invoice of its attorneys' fees to its application, which

- 4 -

1 calculated $16,294.50 as the actual amount billed. (Doc. 43-1, Exh. A at 2-8) After considering
2 the itemized invoice of its attorneys' fees and varying hourly rates between $160.00 per hour
3 and $350.00 per hour depending on the experience of the attorney, paralegal, and legal assistant
4 performing the legal service, the Court determines that Plaintiff's attorneys' fees incurred herein
5 are reasonable and would have been undertaken by a reasonable and prudent lawyer to
6 prosecute this contract action. Therefore, the Court awards Plaintiff $16,294.50 in attorneys'
7 fees.

8 In accordance with the foregoing and Fed.R.Civ.P. 54(d)(1) and (2),

9 **IT IS ORDERED** that Plaintiff's Application for Attorneys' Fees and Non-Taxable
10 Expenses, doc. 43, is **GRANTED**.

11 **IT IS FURTHER ORDERED** that Plaintiff is awarded: (1) non-taxable expenses in
12 the amount of $4,487.96, and (2) attorneys' fees in the amount of $16,294.50, for a total sum
13 of $20,782.46.

14 **IT IS FURTHER ORDERED** that the Clerk of the Court is kindly directed to enter
15 judgment on this order.

16 Dated this 21st day of November, 2011.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge